983 F.2d 1072
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Stephen E. LEE, Plaintiff/Appellant,
v.
Edward NAGER, et al., Defendants/Appellees.
 No. 91-3108.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 1, 1992.*
Decided Jan. 4, 1993.
Rehearing and Rehearing En Banc
Denied Feb. 10, 1993.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Lee claims that the defendants, who are employees of the Clerk of the Circuit Court for Milwaukee County, denied him access to the court. See 42 U.S.C. § 1983. The district court denied relief, and we affirm, although on grounds other than those relied upon by the district court.
 
 
 2
 Lee claims that the defendants "have intentionally, willfully, maliciously, and in bad faith impeded, obstructed, and denied plaintiff of his First Amendment Constitutional Right of Access to the Courts...." The defendants allegedly never provided Lee with requested instructions for filing a civil suit. When Lee attempted to file his suit without instructions, the defendants rejected the pleadings, citing procedural problems. Upon inquiry about the errors in the pleadings, the defendants allegedly provided inadequate and conflicting information. The district court denied Lee in forma pauperis status, finding the defendants protected by judicial immunity. Lee appeals.
 
 
 3
 The in forma pauperis statute, 28 U.S.C. § 1915, allows indigent litigants to bring suit in federal court without paying costs. To protect against abuses of this privilege, the statute requires courts to dismiss an action "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). An action is frivolous if no rational argument in law or fact supports it. Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992).
 
 
 4
 Lee's complaint is frivolous because he makes no attempt to establish a constitutional violation. To prove that the clerks denied him access to the courts, Lee must show that they acted deliberately. Kincaid v. Vail, 969 F.2d 594, 602 (7th Cir.1992). Although Lee uses the words "intentional," "malicious," and "willful" in his complaint, none of his allegations indicate deliberate conduct. Providing the wrong materials, improperly returning a complaint, and giving inaccurate information are, at most, negligent acts, which cannot establish a violation of Lee's right of access to the courts. Id.
 
 
 5
 Lee has also failed to allege prejudice. See Jenkins v. Lane, No. 90-2628, slip op. at 4, 7 (7th Cir. Sept. 24, 1992) (in an access to the courts case, the defendant must allege "some quantum of detriment"); Shango v. Jurich, 965 F.2d 289, 292 (7th Cir.1992) (same). Lee claims that his case was delayed, but does not allege any lasting harm resulting from the defendants' actions. See Kincaid, 969 F.2d at 603.
 
 
 6
 We must, therefore, AFFIRM the district court's denial of leave to proceed in forma pauperis.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statements having been filed, the appeal has been submitted on the briefs