991 F.2d 799
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles KING, Plaintiff-Appellant,
v.
Howard PETERS, III, et al., Defendants-Appellees.
 No. 92-1255.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 30, 1993.*
Decided April 7, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Charles King, an inmate at the Pontiac Correctional Center, sued the warden, a doctor who treated him at Pontiac, and two doctors who treated him at Cook County Hospital. He alleges in his pro se complaint that the defendants violated his rights under the Eighth Amendment by failing to provide proper medical treatment in connection with a hip replacement operation he had undergone. One defendant filed a motion for summary judgment to which King did not respond. The district court judge granted the motion and entered judgment in favor of all defendants. See Malak v. Associated Physicians, Inc., 784 F.2d 277, 280 (7th Cir.1986) ("where one defendant files a motion for summary judgment which the court grants, the district court may sua sponte enter summary judgment in favor of additional non-moving defendants if the motion raised by the first defendant is equally effective in barring the claim against the other defendants and the plaintiff had an adequate opportunity to argue in opposition to the motion.").
 
 
 2
 The argument section of King's pro se brief is titled "district court erred in granting summary judgment". Yet King does not contend that the existence of a genuine issue as to material fact warranted trial. He argues instead that he had no opportunity to oppose the motion for summary judgment. We disagree.
 
 
 3
 Pro se litigants are entitled to notice and a reasonable opportunity to respond to a motion for summary judgment. Timms v. Frank, 953 F.2d 281, 285 (7th Cir.), cert. denied, 112 S.Ct. 2307 (1992); Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir.1982). In accordance with Lewis, King was warned "in plain English of the consequences of not submitting affidavits to oppose the motion for summary judgment." Kincaid v. Vail, 969 F.2d 594, 599 (7th Cir.1992), cert. denied, 113 S.Ct. 1002 (1993). He admits that he received such notice from the state, Appellant's Brief, filed May 22, 1992, at 5, but he neither filed anything in response nor requested an extension of time. After waiting for two months for King to acknowledge the motion, the district court determined that the facts and law entitled defendants to summary judgment.
 
 
 4
 King contends that he was unable to respond because he did not have meaningful access to legal assistance. This argument is unavailing because he makes it for the first time on appeal. See United States v. Maholias, No. 91-1763, slip op. at 13 (7th Cir. Jan. 25, 1993). Moreover, waiver cannot be overlooked because the access argument neither raises jurisdictional issues nor involves exceptional circumstances. See Lazzara v. Howard A. Esser, Inc., 802 F.2d 260, 268 (7th Cir.1986). There are no exceptional circumstances because King could have raised any argument concerning access in the district court. Despite King's third grade education, the district court found in denying an earlier motion for appointment of counsel that he had alleged "no physical or mental disability which [sic] might preclude him from adequately investigating the facts giving rise to his complaint." R. 27, at 2. King, the court observed, "appears more than capable of presenting his case." Id. Indeed, King was able to answer questions adequately and to recall relevant facts during his deposition. R. 39. King asked for neither the appointment of counsel nor an extension of time during the two months he had to respond to the motion, professing lack of access to the courts only after receiving the district court's order of dismissal--which order he responded to on his own in less than a fortnight. He gives no indication what materials he would have submitted in opposition to summary judgment. Nor has he made any arguments in law or fact contesting the motion for summary judgment. Cf. Kincaid, 969 F.2d at 599 (summary judgment appropriate when pro se plaintiffs, although improperly notified of motion to dismiss, never indicated that they would have submitted affidavits containing any information not included in complaint, statements in pretrial conference, or letters). Accordingly, he is now precluded from revisiting the propriety of the district court's dismissal. Cf. United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir.1991), cert. denied, 113 S.Ct. 1058 (1993).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record