■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN TUMA, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered November 15, 1983, convicting him of robbery in the first degree, robbery in the second degree (two counts), assault in the second degree (two counts), and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by reversing the conviction of assault in the second degree as charged in the fifth count of the indictment and the sentence imposed thereon, and dismissing that count. As so modified, judgment affirmed.

The defendant was charged and convicted, *inter alia,* of robbery in the second degree under Penal Law § 160.10 (2) (a), and assault in the second degree under Penal Law § 120.05 (6). Pursuant to CPL 1.20 (37), since it is impossible to commit robbery in the second degree under Penal Law § 160.10 (2) (a) without concomitantly committing, by the same conduct, assault in the second degree under Penal Law § 120.05 (6), the latter is a lesser included offense of the former. Thus, the defendant's conviction for assault in the second degree under the fifth count of the indictment must be reversed and that count dismissed.

Although the defendant alleges that many errors were made during his trial, the only one that warrants discussion is the allegation that his trial counsel was ineffective. Of the several errors allegedly made by trial counsel, we find that most were tactical decisions. However, defense counsel's failure to request a charge that the defendant's prior convictions could only be used in evaluating his credibility, and not as evidence of guilt, and his failure to except to the Judge's failure to so charge, was error. This error alone, however, is not enough to demonstrate ineffective assistance of counsel *(see, People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803). Our review of the circumstances of this case leads us to the conclusion that defense counsel provided meaningful representation, and that, therefore, his representation was constitutionally effective. Lazer, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.