Michael PITTMAN, Petitioner–Appellant,

v.

WARDEN, PONTIAC CORRECTIONAL CENTER, Respondent–Appellee.

No. 90–2996.

United States Court of Appeals, Seventh Circuit.

Argued June 10, 1991.

Decided April 6, 1992.

---

Elizabeth Dale, Kenneth N. Flaxman (argued), Chicago, Ill., for petitioner-appellant.

Thomas L. Ciecko, Deputy Atty. Gen., Crim. Appeals Div. Chicago, Ill. (argued), for respondent-appellee.

Before CUDAHY, COFFEY, and FLAUM, Circuit Judges.

COFFEY, Circuit Judge.

Michael Pittman was convicted on two counts of armed robbery and sentenced to two concurrent fifty-year terms of imprisonment. He now seeks a writ of habeas corpus under 28 U.S.C. § 2254, alleging that his trial counsel was ineffective. The district court dismissed the habeas corpus petition without a hearing, finding that Pittman's counsel made defensible strategic decisions in withdrawing a motion to suppress testimony from mug shot and lineup identifications and in choosing not to object to such testimony at trial. The court thus concluded that Pittman's counsel's performance was not constitutionally ineffective, as these choices fell within the range of competent professional assistance, and therefore Pittman was not entitled to habeas corpus relief. As an alternative ground, the district court held that it had jurisdiction to dismiss the petition because of Pittman's failure to comply with the court's order to file a reply to the defendant's brief before March 16, 1990. Pittman's counsel failed to meet this deadline, filing his reply brief two weeks late. We affirm.

## I. FACTS AND PRIOR PROCEEDINGS

On October 20, 1981, a convenience store in Harvey, Illinois was robbed. Michael Pittman was identified as the robber by the two store clerks working at the time of the robbery, who had the opportunity not only to observe the armed robber's face and his gun, but also to hear his voice as he pointed the gun at them and ordered them to empty the cash register and observed him handcuff them to a window grate in the rear of the store before, while still pointing the gun at them, taking $25 from one of the clerk's purses. Both clerks picked Michael Pittman out of an array of six mug shots, and later out of a five-man lineup. The clerks also identified Pittman at trial and testified that the gun found on him at the time of his arrest was the same as or very similar to the gun used in the robbery. A jury convicted Pittman on two counts of armed robbery, one for pointing the gun at the clerks and ordering them to empty the cash register, and one for brandishing the gun while forcibly handcuffing the clerks to a window grate as he robbed money from the female clerk's purse.

The Illinois appellate court affirmed the conviction and sentence, *People v. Pittman*, 126 Ill.App.3d 586, 81 Ill.Dec. 796, 467 N.E.2d 918 (1st Dist.1984), and the Illinois Supreme Court denied review. Pittman then filed a petition for post-conviction relief in state court. The trial court summarily dismissed this petition, and the state appellate court affirmed, and the state supreme court denied review.

Having exhausted his state remedies, Pittman filed a petition for a writ of habeas corpus in federal district court. *See* 28 U.S.C. § 2254. This petition alleged ineffective assistance of trial counsel in violation of the Sixth Amendment. Upon reviewing the petition, the district court found petitioner's attorney had made a defensible strategic decision in withdrawing the motion to suppress testimony related to the mug shot and lineup identifications.[1] Further, the court rejected Pittman's claim that his lawyer was ineffective when he failed to object to identification testimony on the ground that Pittman did not have counsel at the lineup. Looking at the record, the court found Pittman's claim was unsupported because "Detective Davis unequivocally stated that Pittman was represented by counsel at the lineup. Therefore, counsel had no basis to object on the ground suggested by Pittman." Memorandum Opinion and Order, at 6. As an alternative ground for dismissal, the court relied on the fact that petitioner's counsel had failed to file a reply to the respondent's brief within the time allowed.

## II. ISSUES FOR REVIEW

On appeal Pittman contends that the district court erred in refusing to hold an evidentiary hearing on his claim of ineffective assistance of counsel. Specifically, he maintains that a hearing is necessary: (1) to determine whether his attorney's withdrawal of the motion to suppress identification testimony and his failure to object to identification testimony at trial fell within the range of professionally competent representation, and (2) if not, to determine whether the withdrawal of the motion to suppress and the failure to object so prejudiced his case (by allowing the jury to hear testimony related to the mug shot and lineup identifications) that Pittman was deprived of his Sixth Amendment right to counsel. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He also claims that the district court erred in dismissing his habeas corpus petition because of his attorney's delay in filing a reply brief.

## III. DISCUSSION

 Before beginning a substantive analysis, we address the respondent's assertion that Pittman waived his claim by not specifically requesting an evidentiary hearing on the ineffective assistance of counsel issue. Though it is true that Pittman did not request a hearing, the fact is that all the claims he raises now were before the district court. His petition contained claims of ineffective assistance of counsel based on the withdrawal of the suppression motion, lack of counsel at the lineup, and unnecessarily suggestive identification procedures. Because he raises the same substantive issues on appeal as he presented to the district court, petitioner's claim has not been waived. *Cf. Aleman v. United States*, 878 F.2d 1009, 1011–12 (7th Cir.1989) (no discussion of waiver, even though petitioner raised the evidentiary hearing issue for the first time on appeal). Similarly, Pittman's argument regarding the district court's alternative basis for its holding has not been waived, as an appellate court can always consider the merits of any theory relied on by the district court.

---

1. The court did find that the attorney erred in failing to object to testimony that Pittman was wanted on five other charges, but concluded that "Because [the remaining] evidence was sufficient to find Pittman guilty beyond a reasonable doubt, we find that counsel's failure to object [to the evidence of the other charges] did not create prejudice that would have changed the result of the trial. *See People v. Pittman*, 81 Ill.Dec. at 800, 467 N.E.2d at 922 (Court found that the admission of this testimony was harmless error because other evidence against Pittman was sufficient to establish guilt beyond a reasonable doubt)." Memorandum Opinion and Order, at 7.

*United States v. City of Chicago,* 869 F.2d 1033, 1036 (7th Cir.1989).

█ We turn next to the petitioner's claim that an evidentiary hearing is necessary to determine whether his trial counsel was constitutionally ineffective. In order to merit an evidentiary hearing on his claims a petitioner must allege facts that, if proven, would be sufficient to entitle him to relief. *See Matta–Ballesteros v. Henman,* 896 F.2d 255, 258 (7th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 209, 112 L.Ed.2d 169 (1990) ("Common sense ... dictates that if the facts as alleged by the applicant do not entitle him to relief, a hearing at which the applicant may prove those facts is useless."). Therefore the question here is whether Pittman has alleged facts that, if true, would prove his counsel's ineffectiveness. If so, an evidentiary hearing is required.

█ A party making an ineffective assistance of counsel claim bears a heavy burden. To prevail, the party must demonstrate that (1) the attorney's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that the case would have come out differently but for the attorney's unprofessional errors. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). In an attempt to satisfy the first part of this test, the "performance prong," Pittman claims that his attorney's decision to withdraw his motion to suppress identification testimony fails to meet the objective standard of reasonableness because the attorney never saw a photo of the lineup and withdrew the motion without sufficiently reflecting on strategic alternatives. We disagree, and find that Pittman's counsel's decision to withdraw the motion was a defensible strategic choice because even if the motion to suppress had been successful the store clerks might still have been allowed to identify both Pittman and his gun during trial. In such circumstances the motion to suppress would have been meaningless, because the remaining evidence would in all likelihood have been sufficient to convict Pittman. Thus, because even a successful

motion would not have affected the trial's outcome, the decision not to pursue the motion was reasonable.

Even if the motion to suppress had succeeded, which the district court thought was far from certain, it was likely that the in-court identification of Pittman and the identification of the gun would have remained in evidence. In light of this, petitioner's counsel could have logically concluded that it would be meaningless to keep out testimony regarding the lineup if the other evidence was admissible anyway, and so rather than fighting to keep the testimony out, he would discredit it with aggressive cross-examination and proceed with an alibi theory. Indeed, the transcript reveals that counsel vigorously cross-examined the identification witnesses and focused on the suggestiveness of the identification procedures during summation. *Cf. Williams v. Chrans,* 894 F.2d 928, 935 (7th Cir.1990) (finding extensive cross-examination and a focus on suggestive procedures to be an acceptable means of attacking identification witnesses). Judicial review of an attorney's performance is deferential, and there is a strong presumption that representation was competent. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065; *Santos v. Kolb,* 880 F.2d 941, 943 (7th Cir.1989), *cert. denied,* 493 U.S. 1059, 110 S.Ct. 873, 107 L.Ed.2d 956 (1990). Counsel made a reasonable strategic decision, and "such a tactical choice is not subject to our second guessing." *United States v. Rush,* 890 F.2d 45, 51 (7th Cir.1989).

Petitioner, however, believes that *Rodriguez v. Young,* 906 F.2d 1153 (7th Cir. 1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 698, 112 L.Ed.2d 688 (1991), compels a different conclusion. In *Rodriguez* the defendant's attorney failed to object to or attempt to suppress identification testimony where there was no murder weapon received in evidence and only one witness identified the defendant as the murderer. In other words, it was clear that without the identification testimony the remaining evidence might very well have been insufficient to convict. Under such circumstances, the court found, failing to object

could not have been "the result of reasonable professional judgment," or within "the wide range of professionally competent assistance," and therefore the failure to object amounted to ineffective assistance. *Id.* at 1161, quoting *Strickland,* 466 U.S. at 689–90, 104 S.Ct. at 2065. Arguing that *Rodriguez* is analogous to this case, the petitioner relies heavily on the court's statement that "Criminal defense lawyers should not preempt judges by making their own negative rulings on close motions concerning crucial testimony." *Id.* (footnote omitted). Pittman argues that, like Rodriguez's attorney, his counsel made a forbidden "preemptive negative ruling" when he withdrew the motion to suppress, and so failed to meet the *Strickland* competence standard. We disagree, as *Rodriguez* is easily distinguishable and may be limited to its facts.

In contrast to *Rodriguez,* the testimony Pittman's trial counsel moved to suppress (the identifications made at the mug shot display and the lineup, and any in-court identification tainted by their alleged suggestiveness) was not the only evidence tying the accused to the crime. Both store clerks identified Pittman's gun as the one used in the robbery. They also had the opportunity to observe Pittman and hear his voice during the robbery, when he menacingly pointed the gun at them and ordered them to turn over the money in the cash register, handcuffed them to a window grate, and, while keeping the gun on them, stole money from one clerk's purse before saying goodbye. Both clerks would in all probability have been allowed to testify to all of these facts at trial, thus clearly identifying Pittman as the robber. *See United States v. Wade,* 388 U.S. 218, 241, 87 S.Ct. 1926, 1939, 18 L.Ed.2d 1149 (1967) (in-court identification may be admissible, despite a tainted prior identification, where witness had prior opportunity to observe the alleged criminal act). All of this points to Pittman's guilt. There was also testimony that a confidential informant had told police that Pittman committed the robbery. Thus, the facts in this case can easily be distinguished from those in *Rodriguez,* as the motion to suppress was not a trump

card the attorney failed to play, but merely a strategic weapon he declined to employ. Even if the attorney had pursued the motion and succeeded, sufficient evidence would have remained to convict the petitioner.

Having determined that Pittman's counsel's performance fell within the wide range of professionally competent assistance, we need not address his claims of prejudice. *MacDougall v. McCaughtry,* 951 F.2d 822 (7th Cir.1992) (if a party fails on either prong of the *Strickland* test, the other prong need not be considered). Nor must we consider the petitioner's claim that the district court should not have dismissed his case because of his attorney's failure to file a reply brief on time. Accordingly, the decision of the district court dismissing the petition is

AFFIRMED.