**James BIGGERSTAFF, Petitioner–Appellant,**

v.

**Richard CLARK, et al., Respondents–Appellees.**

No. 92–1129.

United States Court of Appeals, Seventh Circuit.

Argued April 13, 1993.

Decided July 22, 1993.

James H. Milstone (argued), Thorne, Grodnik & Ransel, Elkhart, IN, for petitioner-appellant.

David M. Wallman, Thomas D. Quigley, Michael Schaefer, Deputy Attys. Gen., Ken-

neth E. Wilker, John Thomas Roy (argued), Indianapolis, IN, for respondents-appellees.

Before POSNER and FLAUM, Circuit Judges, and RONEY, Senior Circuit Judge.*

RONEY, Senior Circuit Judge.

In this appeal from the denial of defendant's § 2254 petition for habeas corpus relief from an Indiana conviction, we affirm the order of the district court declining to issue a writ of habeas corpus. The defendant has not established either prong of the test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for post-conviction relief based on a Sixth Amendment claim of ineffective assistance of counsel. The claim was based on counsel's failure to request a limiting instruction when a prior conviction was introduced to impeach defendant's credibility.

Defendant James Biggerstaff was tried and found guilty in Indiana state court on two counts of murder and arson. The evidence showed that the occupant of an apartment died as a result of a fire set by someone pouring gasoline under his door. Although there was no direct evidence linking Biggerstaff to the crime, the state presented testimony from two witnesses who provided circumstantial evidence of motive and opportunity.

Evidence of Biggerstaff's prior conviction for third degree arson was admitted during cross-examination, when Biggerstaff took the witness stand in his own defense. The prior conviction resulted from an incident in which Biggerstaff set fire to his own car in an attempt to defraud his insurance company. Trial counsel's motion in limine to exclude this evidence was denied, and his objection as to the admissibility of the evidence when the question was asked at trial was overruled. Biggerstaff's ineffective assistance of counsel claim is based on trial counsel's failure to request a limiting instruction admonishing the jury to consider the defendant's prior conviction only as evidence of his propensity for false statement, and not as evidence of guilt as to the crime charged.

In *Strickland v. Washington,* the Supreme Court set forth a two-prong test for ineffective assistance of counsel claims: *first,* the defendant must show that counsel's performance was deficient, and *second,* the defendant must show that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial, a trial whose result is reliable. "Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." 466 U.S. at 687, 104 S.Ct. at 2064.

■ The performance prong of the *Strickland* test requires a showing that, considering all of the circumstances, trial counsel's representation fell below an objective standard of reasonableness. *Montgomery v. Petersen,* 846 F.2d 407 (7th Cir.1988). Trial counsel's performance will not be deemed constitutionally deficient "merely because of a tactical decision made at trial that in hindsight appears not to have been the wisest choice." *United States v. Grizales,* 859 F.2d 442, 447 (7th Cir.1988).

Trial counsel's two attempts to exclude the prior conviction testimony indicate that he was aware of the potential danger of such testimony. The evidence was admissible, however, for the purpose of reflecting on the defendant's credibility, but not as evidence of guilt of this crime. *Ashton v. Anderson,* 258 Ind. 51, 279 N.E.2d 210 (1972).

Biggerstaff notes that one opinion in this circuit states that it would hold it plain error for a trial court to fail to give a limiting instruction on the use of 404(b) evidence. *United States v. DeGeratto,* 876 F.2d 576 (7th Cir.1989). This statement was conceded in the opinion to be dictum, however, because the court decided the evidence should not have been admitted at all. *See United States v. Johnson,* 515 F.2d 730 (7th Cir.1975). In any event, such a holding would not rise to a constitutional requirement. Other federal circuits have held there to be no requirement for a *sua sponte* instruction. *See United States v. Miller,* 895 F.2d 1431 (D.C.Cir.),

---

* Hon. Paul H. Roney of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

*cert. denied,* 498 U.S. 825, 111 S.Ct. 79, 112 L.Ed.2d 52 (1990). The Indiana rule provides that it is within the sound discretion of the trial court whether to give such an instruction, even if requested. *Marsh v. State,* 271 Ind. 454, 393 N.E.2d 757 (1979). Generally courts which have reviewed the issue on an ineffective assistance of counsel claim have either held that the conduct was reasonable under the circumstances or did not affect the ultimate result of the trial, refusing to hold that failure to request such an instruction alone results in constitutionally ineffective assistance of counsel. *Julius v. Johnson,* 840 F.2d 1533 (11th Cir.1988); *Williams v. Armontrout,* 679 F.Supp. 916 (W.D.Mo.1988); *People v. Tuma,* 119 A.D.2d 606, 500 N.Y.S.2d 777 (1986). *Cf. People v. Zimmerman,* 102 Cal.App.3d 647, 161 Cal. Rptr. 669 (1980).

Having lost the admissibility issue, it would be reasonable for counsel to choose not to request a limiting instruction, making a tactical decision to forego the instruction to avoid further focus of the jury's attention on the unfavorable use that could be made of the evidence. *See United States v. Malik,* 928 F.2d 17 (1st Cir.1991); *United States v. Miller,* 895 F.2d 1431, 1439; *Williams v. Armontrout,* 679 F.Supp. 916, 945 (W.D.Mo. 1988).

The record is unclear as to whether defense counsel made a conscious decision in this case. The case was initially remanded by the state appellate court to the state collateral attack court for further proceedings in connection with this issue. The state court which reviewed those further proceedings noted that at the post-conviction relief hearing, counsel testified that he requested an admonishment regarding the impeaching evidence to the effect that it was to go to the defendant's honesty, not to his guilt. The trial record, however, was devoid of any such request so the state court proceeded as if it had not been made. It held that a decision not to emphasize the previous arson conviction was clearly within trial counsel's strategy, which would not be second-guessed. The federal district court proceeded as if the request had not been made. It is noted that there was no transcription of voir dire, opening statements, or closing arguments, so we do not know how Biggerstaff's testimony on cross-examination was handled by counsel.

Appellate counsel argues that to deny relief here amounts to a holding that because a decision by trial counsel to forego requesting a cautionary instruction can be defended as a fair tactical decision in some circumstances, then all counsel who forego such requests would be held to have always provided reasonably effective assistance of counsel.

■ Our decision does not go that far. The decisions of this court consistently hold that counsel's performance must be evaluated in light of the totality of the circumstances of the case. *United States v. Adamo,* 882 F.2d 1218, 1228 (7th Cir.1989). In this circuit there is a strong presumption that counsel rendered reasonably effective assistance of counsel. *Pittman v. Warden, Pontiac Correctional Center,* 960 F.2d 688 (7th Cir. 1992); *Montgomery v. Petersen,* 846 F.2d 407 (7th Cir.1988). The petitioner has the burden of overcoming this presumption.

Under all the circumstances of this case, we cannot say that the district court was incorrect in refusing to hold that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2064. The prejudice prong of the *Strickland* test requires a showing of "a reasonable probability that counsel's errors affected the outcome of the trial." *Montgomery v. Petersen,* 846 F.2d 407, 414 (7th Cir. 1988).

■ Because the evidence of the defendant's guilt was all circumstantial, which the district court characterized as overwhelming, Biggerstaff's credibility was critical to his defense. Although Biggerstaff might have benefitted from an instruction that the prior conviction could not be used as evidence of guilt, such instruction would carry with it a reminder that the jurors could rely on the prior conviction when assessing the defendant's credibility, which could be very damaging. It would be impossible to give the instruction as to what the evidence could not be used for without emphasizing that the

evidence could be used to reflect upon Biggerstaff's honesty. Because Biggerstaff's credibility was so important, it would be reasonable to decide that the overall effect of the instruction, if given, would have harmed rather than helped the defendant. Since his testimony was critical to his defense, Biggerstaff has not shown a reasonable probability that the outcome would have been different if trial counsel had requested the limiting instruction.

AFFIRMED.