**Beverly POWELL, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. CRIM. 89–50025–01.**

United States District Court, E.D. Michigan, Southern Division.

Nov. 12, 1997.

S. Allen Early, III, Detroit, MI, for Petitioner.

Mark C. Jones, Asst. U.S. Atty., Flint, MI, for Respondent.

### MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S § 2255 MOTION

GADOLA, District Judge.

On August 23, 1997, petitioner Beverly Powell filed the instant motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct her sentence. Petitioner contends that she received ineffective assistance of counsel in violation of the Sixth Amendment to the Constitution of the United States of America in that she was improperly sentenced for crack cocaine (as opposed to powder cocaine) and as the court did not make specific findings consistent with her three-point enhancement for a management/supervisory role pursuant to Section 3B1.1 of the United States Sentencing Guidelines ("U.S.S.G."). For the following reasons, petitioner's motion will be denied.

### FACTS

Petitioner was added as a co-defendant to a nine-person Superseding Indictment on July 14, 1989. The allegation was one of conspiracy to distribute cocaine (hereinafter "Count One"). Petitioner proceeded to trial on May 3, 1990 and on June 1, 1990, she was convicted.

Sentencing hearings were held on March 4, and April 16, 1991. On the latter date, petitioner was sentenced on Count One to 262 months imprisonment to be followed by a five-year supervised release term.

Petitioner appealed, challenging this court's denial of both her motion to suppress evidence and her request for the notes of Special Agent William R. Dodson, Drug Enforcement Administration (DEA). In a written opinion, petitioner's appeal was denied. *United States v. Raymond Williams*, 962 F.2d 1218 (6th Cir.), *cert. denied*, 506 U.S. 892, 113 S.Ct. 264, 121 L.Ed.2d 194 (1992).

Petitioner is presently before this court on a motion to vacate, set aside or correct her sentence. She raises two claims of ineffective assistance of counsel in her present motion.

### LEGAL STANDARD

■ To obtain collateral relief under § 2255, petitioner must prove that her sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The grounds for relief are narrower than they would have been on direct appeal. *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982) ("It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment. The reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system of justice.").

As stated *supra*, petitioner argues that she was deprived of her Sixth Amendment right to effective assistance of counsel. In order to prevail on her claim of ineffective assistance of counsel, petitioner must satisfy a two-pronged test. Failure to prove either prong will defeat her claim. *Strickland v. Washington*, 466 U.S. 668, 700, 104 S.Ct. 2052, 2071, 80 L.Ed.2d 674 (1984). First, petitioner must show that her attorneys' performance was deficient in that it "fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. at 2064. In reviewing

counsel's performance, the court must be "highly deferential." *Id.* at 689, 104 S.Ct. at 2065. "The court should recognize that counsel is *strongly presumed* to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S.Ct. at 2066 (emphasis added). Second, petitioner must establish "prejudice," meaning that petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068. "[A]t the very least a defendant must make more than merely speculative assertions." *Bowen v. Foltz*, 763 F.2d 191, 194, n. 3 (6th Cir. 1985).

### ANALYSIS

Petitioner's initial contention is that she suffered ineffective assistance of counsel when her attorney, Anthony T. Chambers, failed to challenge the imposition of a Base Offense Level of 36 predicated upon a finding that petitioner was responsible for at least 500 grams of *cocaine base* ("crack"). Petitioner claims that her Base Offense Level should have been calculated instead, based upon her involvement with *powder cocaine* because the Superseding Indictment charged her with conspiracy to possess with intent to distribute both crack *and* powder cocaine ("cocaine hydrochloride"), because the jury returned a general verdict, and because powder cocaine carries a lower penalty as compared to cocaine base.

Section 2D1.1 of the U.S.S.G. advocates a Base Offense Level of 36, *inter alia*, if the defendant is found responsible for at least 500 grams of cocaine base or at least 50 kilograms of cocaine. Yet, petitioner's argument that this court erroneously assigned her a Base Level Offense of 36 predicated upon a finding that petitioner was responsible for at least 500 grams of cocaine base, as opposed to at least 50 kilograms of powder cocaine, is devoid of any merit. This court did not determine petitioner's Base Offense Level to be 36 *solely* upon a finding that

petitioner was responsible for 500 grams of crack. This court also found such a Base Offense Level appropriate because petitioner was responsible for in excess of 50 kilograms of powder cocaine. *See* April 17, 1991 Memorandum Opinion Re: Further Objections of Defendant Beverly Powell To Pre–Sentence Report, at pp. 2–4.[1] As this court did determine petitioner's Base Offense Level to be 36 after finding her responsible for at least 50 kilograms of powder cocaine, her attorney was not deficient in failing to ensure such a result.

Petitioner also argues that she received ineffective assistance-of counsel in that she was given a three-level enhancement under U.S.S.G. § 3B1.1 without her attorney ever objecting to this court's lack of specific findings as to whether such an enhancement was warranted. This argument, too, is unavailing.

Section 3B1.1 provides in pertinent part,

(b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by three levels.

As explained by Commentary Notes 2 and 4 to § 3B1.1, which became effective on November 1, 1993 (after petitioner was sentenced),

2. To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor, of one or more other participants. An upward departure may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization.[2]

4. In distinguishing a leadership or organizational role from one of mere management or supervision, titles such as "king-pin" or "boss" are not controlling. Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning and organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy. This adjustment does not apply to a defendant who merely suggests committing the offense.

Petitioner cites *United States v. Odom*, 13 F.3d 949 (6th Cir.1994) in support of her position that she must be re-sentenced due to the court's failure to make specific findings on the management/supervisory role three-level enhancement. In *Odom*, defendant Terrance Bulger challenged, among other things, the district court's imposition of a four-point enhancement in his base offense level under U.S.S.G. § 3B1.1 due to his alleged leadership role in the offense. The Sixth Circuit vacated Bulger's sentence and remanded the case for a hearing on the imposition of the enhancement stating,

In this case, the record shows only that Bulger was a highly placed middleman between the supplier and distributors in Tennessee. The court made no findings regarding the factors relevant to the leadership enhancement, and set forth no reasons for its conclusion that the enhancement should be imposed. This is not enough to review.

*Id.* at 960–61.

■ This case is highly distinguishable from *Odom*. In the instant case, the record is replete with evidence both at trial and at

---

**1.** The determination by this court that petitioner was responsible for at least 500 grams of cocaine base and 50 kilograms of powder cocaine was upheld by the Sixth Circuit in *United States v. Raymond Williams*, 962 F.2d 1218 (6th Cir.), *cert. denied*, 506 U.S. 892, 113 S.Ct. 264, 121 L.Ed.2d 194 (1992).

**2.** Although the Commentary became effective after petitioner was sentenced, this court nevertheless sentenced petitioner consistent with the standard expressed therein. Specifically, this court determined that petitioner was in a position of authority in an organization involving five or more persons. (*See* Memorandum Opinion Re: Objections of Defendant Beverly Powell to Pre–Sentence Report, March 8, 1991).

sentencing hearings establishing, by a preponderance of the evidence, that Powell was a manager or supervisor of the conspiracy, and thus subject to a three-point enhancement.[3] Take, for example, the testimony of Johnnie Henderson given on March 4, 1991 at a sentencing hearing. Henderson testified that he developed a relationship with petitioner, selling drugs with her and cooking cocaine at her house. (Transcript of March 4, 1991 Hearing at pp. 31–33). The petitioner, according to Henderson, sold narcotics to numerous individuals, including Horace Daily, Darell Robinson, Dwayne Hopkins, Charles Perry, Horace Johnson, Sam Hill, Joyce Mullins, Lewis Beacoates, along with several others. (Transcript of March 4, 1991 Hearing at pp. 32). Henderson further testified that the petitioner had authority to tell approximately eight to nine people what to do, including Erline, Sid, Joyce Mullins, Merlin, Michael, and Dorothy. (Transcript of March 4, 1991 Hearing at pp. 34, 71–72):

In sum, this court finds that petitioner's motion to vacate, set aside, or correct her sentence should be denied for the reasons stated above. This court further finds that no evidentiary hearing is warranted because petitioner raises no facts, which, if proven, would entitle her to relief. *See e.g.,* Rule 8(a) of the Rules Governing Section 2255 Proceedings, *Pittman v. Warden, Pontiac Correctional Center,* 960 F.2d 688 (7th Cir.1992).

### ORDER

**IT IS HEREBY ORDERED** that petitioner BEVERLY POWELL's motion pursuant to 28 U.S.C. § 2255 is DENIED.

**SO ORDERED.**

---

**3.** Petitioner argues in her § 2255 brief that this court used the wrong standard when it determined that a three-point enhancement under U.S.S.G. § 3B1.1 was warranted. Yet, this court used the correct standard, that being the one articulated in Commentary Note 2 to § 3B1.1. (i.e., that petitioner was a supervisor or manager of one or more participants in a conspiracy to distribute cocaine and cocaine base that involved five or more persons).