17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David S. PETERSON, Plaintiff-Appellant,
v.
Rita VARGAS, also known as Rita Pino-Vargas, Defendant-Appellee.
 No. 93-2143.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before TACHA and BRORBY, Circuit Judges, and BROWN,** Senior District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 David S. Peterson filed a pro se 42 U.S.C.1983 complaint against Rita Vargas alleging a denial of access to court. He claimed that he gave Vargas an original legal document to copy, but, with deliberate indifference, she destroyed the document without copying it. As a result, Peterson allegedly was unable to file his objections to a proposed settlement in a class action lawsuit. The district court granted summary judgment to Vargas, finding that Peterson failed to show that his access to court had been denied, or that Vargas destroyed the document in an effort to interfere with Peterson's access to court. Peterson now appeals. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 4
 Peterson argues on appeal that the district court ignored certain disputed facts, relevant to whether Vargas acted with deliberate indifference and whether Peterson was prejudiced by Vargas' actions, which precluded the entry of summary judgment. He also claims that no prison policy permitted Vargas to destroy his legal document. We review the district court's grant of summary judgment de novo. Smith v. Maschner, 899 F.2d 940, 942-43 (10th Cir.1990). We must " 'examine the record to determine if any genuine issue of material fact was in dispute; if not, the court must decide if the substantive law was correctly applied.' " Id. (quoting Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988)).
 
 
 5
 This court has noted that prison officials may not deliberately interfere with a prisoner's access to court. Green v. Johnson, 977 F.2d 1383, 1389 (10th Cir.1992). " 'Any deliberate impediment to access [to the courts], even a delay of access, may constitute a constitutional deprivation.' " Id. (quoting Jackson v. Procunier, 789 F.2d 307, 311 (5th Cir.1986))(alteration in original). A prisoner claiming denial, or delay, of access to court must show, however, that he has been prejudiced in pursuing litigation. Twyman v. Crisp, 584 F.2d 352, 357 (10th Cir.1978)(denial); Kincaid v. Vail, 969 F.2d 594, 603 (7th Cir.1992)(delay), cert. denied, 113 S.Ct. 1002 (1993).
 
 
 6
 According to Peterson's own affidavit, he learned on June 21, 1991, that he would be permitted to file objections to the proposed settlement agreement in the class action lawsuit. Although Peterson had until August 21, 1991, to submit objections, he prepared them the last week of June so that he would be free to help other inmates understand their rights regarding the class action settlement. He spent ten hours preparing his objections. He submitted the objections to Vargas for photocopying on June 29 or 30. Believing he was entitled to free photocopies, Peterson failed to follow the prison policy governing personal legal photocopies, which cost ten cents per copy. Approximately two weeks later, Peterson learned that his document was missing. By that date, the prison had instituted a special policy, allowing prisoners free photocopies of objections to the proposed class action settlement. Peterson does not claim to have made any effort to re-create his objections before the August 21 due date.
 
 
 7
 At most, the evidence demonstrates that Peterson's access to court was delayed by the alleged destruction of his document. We agree with the district court that Peterson has failed to produce evidence sufficient to show that he was actually prejudiced by Vargas' alleged conduct. As the district court found, "[a]ccess was available at all times to Plaintiff, but he did not adhere to the reasonable prison policy concerning photocopying." R. doc. 115 at 6.
 
 
 8
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation