48 F.3d 1221
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Larry T. ENGLAND, Plaintiff/Appellant,
v.
Robert FARLEY, Defendant/Appellee.
 No. 93-2916.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1995.*
Decided March 1, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Larry T. England appeals the district court's grant of summary judgment for the defendant. We affirm.[1]
 
 
 2
 England is an inmate at the Indiana State Prison. He filed this Sec. 1983 action against the superintendent of that institution, alleging that his constitutional rights were violated by his classification in the Administrative Idle 4A Classification ("4A Classification" or "the classification") and his subsequent placement in Cellblock D with others so classified. See 42 U.S.C. Sec. 1983. The district court granted summary judgment for the defendant and England appeals.
 
 
 3
 We review the district court's grant of summary judgment de novo, construing the evidence in the light most favorable to England and according him the benefit of all reasonable inferences. Cliff v. Board of Sch. Comm'rs, No. 93-2498, slip op. at 7 (7th Cir.Dec. 9, 1994). We will also construe the allegations in plaintiff's pro se pleadings liberally. Kincaid v. Vail, 969 F.2d 594, 598 (7th Cir.1992), cert. denied, 113 S.Ct. 1002 (1993). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Wallace v. Tilley, No. 94-1914, slip op. at 4 (7th Cir. Nov. 28, 1994). The party seeking summary judgment has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 4
 In January of 1993, Administrative Idle 4A Classification was implemented at the Indiana State Prison. The classification's purpose was to separate dangerous and disruptive offenders from the general prison population. Inmates were given documents explaining the classification and informed that if they were placed in 4A Classification, they could appeal after 90 days to return to the general population. Prison officials had to follow certain criteria to classify an inmate. Offenses qualifying an inmate for 4A Classification include certain conduct reports for violence, drug possession, and involvement in an unauthorized or disruptive organization. A Classification Hearing Report dated January 28, 1993, indicates that England was found guilty of the unauthorized possession of a device capable of being used as a weapon in January of 1993 and of being intoxicated on eleven occasions. England was re-classified in the 4A Classification and was transferred to D cellhouse where 4A inmates were housed. England's appeal of the classification was denied.
 
 
 5
 First, England claims that the classification violated his Fourteenth Amendment due process rights. The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving any person of life, liberty or property without due process of law. The source of a liberty interest may be the Due Process Clause itself or it may arise from state statutory or regulatory measures. Hewitt v. Helms, 459 U.S. 460, 474 (1982). Here, England claims a liberty interest in remaining in the general prison population. However, the Supreme Court has held that such a liberty interest does not arise under the Due Process Clause. Id. at 466-68. Whether a liberty interest is created by the Indiana statutes or regulations is undecided. Alston v. DeBruyn, 13 F.3d 1036, 1042 (7th Cir.1994); Smith v. Shettle, 946 F.2d 1250, 1254 (7th Cir.1991). We need not make this determination because under the doctrine of qualified immunity the defendant cannot be held liable. The doctrine of qualified immunity shields government officials from liability for damages for discretionary acts that do not violate clearly established constitutional rights. Anderson v. Creighton, 483 U.S. 635, 640 (1987); Harlowe v. Fitzgerald, 457 U.S. 800, 818 (1982). Whether an Indiana inmate has a liberty interest in remaining in the general prison population is not clearly established, therefore, the defendants cannot be held liable for placing an inmate in administrative segregation.
 
 
 6
 Next, England claims that the classification violated the Equal Protection Clause of the Fourteenth Amendment. "To state an equal protection claim, a Sec. 1983 plaintiff must allege that a state actor purposefully discriminated against him because of his identification with a particular (presumably historically disadvantaged) group." Sherwin Manor Nursing Ctr. v. McAuliffe, 37 F.3d 1216 (7th Cir.1994). Purposeful discrimination "implies that the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group." Shango v. Jurich, 681 F.2d 1091, 1104 (7th Cir.1982). Here, England has failed to make this showing. Indiana State Prison officials instituted the 4A Classification for security reasons and identified criteria for the classification to apply to all inmates. Officials could reasonably determine that England's infractions met the criteria. England, who is white, does not provide any information to demonstrate that he was the victim of intentional or purposeful discrimination. England's theory that white inmates were classified in the 4A Classification to dissuade black prisoners from complaining about discrimination is belied by England's own conduct report and the criteria for the 4A Classification. This claim does not withstand summary judgment.
 
 
 7
 England asserts that the classification violated his right to be free from cruel and unusual punishment under the Eighth Amendment. The Eighth Amendment prohibits prison conditions which cause "the unnecessary and wanton infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 346 (1981). Conditions triggering Eighth Amendment scrutiny include deprivations of human necessities such as food, medical care, sanitation and physical safety. DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 199-200 (1989); James v. Milwaukee County, 956 F.2d 696, 699 (7th Cir.), cert. denied, 113 S.Ct. 63 (1992). England's claim that he was subjected to cruel and unusual punishment is unsupported: he specifies no conditions or deprivations that would constitute a violation of the Eighth Amendment, nor does he allege that he was subjected to the wanton infliction of pain. He only asserts that a 4A Classification is equivalent to cruel and unusual punishment. Summary judgment was proper on this claim.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 This court had questioned jurisdiction in this case. We conclude that in light of the district court's supplemental memorandum and order of July 22, 1993, disposing of Adams' Rule 59 motion, and Adams' subsequent filing of a timely notice of appeal, we have jurisdiction over this case
 
 
 [2]
 England argued in the district court that the classification violated his rights under the Double Jeopardy Clause of the Fifth Amendment and the Ex Post Facto Clause. These claims have been abandoned on appeal