

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-2006

# Johnson v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5053

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Johnson v. Atty Gen USA" (2006). *2006 Decisions.* Paper 823.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/823

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-5053

JOSEPH JOHNSON, JR.,

Appellant
v.

ATTORNEY GENERAL OF THE UNITED STATES;
MR. BINGAMAN; CRYSTAL FAUST;
ROD L. KERSTETTER
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-00756)
District Judge: Honorable William J. Nealon
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 23, 2006

BEFORE: SLOVITER, SMITH and VAN ANTWERPEN, CIRCUIT JUDGES

(Filed: June 28, 2006)
_____

OPINION
_____

PER CURIAM

Appellant Joseph Johnson appeals from the District Court order dismissing his

civil rights claim brought under Bivens v. Six Unknown Named Agents on the Federal

Bureau of Narcotics, 403 U.S. 388 (1971). His appeal asks us to decide whether

negligent interference by prison officials states a claim for denial of access to the courts.

For the reasons that follow, we will affirm the order of the District Court.

I.

The parties are familiar with the facts; thus, we only briefly recite them here. In 2002, Johnson was incarcerated at USP-Lewisburg in Pennsylvania. On July 26 or 27 of that year, Johnson placed an envelope containing a pro se petition for appeal of a criminal conviction to Virginia Supreme Court in the prison mail deposit box. The time to file his petition for appeal expired on July 29, 2002. Johnson alleges that he specifically placed the appeal in the prison mail with the understanding that the mail would be removed on the morning of July 29, 2002, and date-stamped accordingly, thereby making his appeal timely. Johnson attached a "cop-out," or notice, to the envelope alerting the prison staff that the document needed to be post-marked by July 29. Although Defendant Bingaman admits that he was responsible for removing the mail from the deposit box on July 29, for whatever reason the prison post-marked the petition for appeal July 30, 2002. The Virginia Supreme Court rejected the petition as untimely. Johnson attempted to rectify the situation, but to no avail.

After exhausting his administrative remedies, Johnson filed the current combined Bivens and Federal Tort Claims Act (FTCA) complaint.[1] In a nutshell, Johnson alleged that he is entitled to monetary damages under the FTCA because prison employees were negligent in failing to post-mark the petition for appeal July 29, 2002. He also argued

---

[1] Johnson also filed an amended complaint, dropping Crystal Faust as a defendant.

2

that Bingaman is liable under <u>Bivens</u> for abridging his access to the courts and Kerstetter is liable under a theory of <u>respondeat superior</u>.

In an order entered September 24, 2004, the District Court granted in part and denied in part the Defendants' motion to dismiss. It concluded that 28 U.S.C. § 2680(b) exempts the current action from the FTCA by excluding claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." It also dismissed the claim against Kerstetter because a civil rights complaint cannot be based on supervisory liability. It allowed the <u>Bivens</u> action against Bingaman to continue. The District Court eventually dismissed the complaint for failure to state a claim, concluding that a claim for the denial of access to the courts cannot be supported by allegations of negligence. Johnson appeals.[2]

II.

In his <u>pro se</u> brief, Johnson abandons his <u>Bivens</u> claim against Kerstetter and those claims arising under the FTCA. <u>See</u> <u>United States v. Pelullo</u>, 399 F.3d 197, 222 (3d Cir. 2005) (stating it is well-settled that failure to raise or identify an issue in a brief waives the issue on appeal). He challenges only the District Court's conclusion that negligent conduct is not sufficient to support a claim for the denial of access to the courts.

The District Court's order dismisses the complaint for failure to state a claim, invoking the language of Federal Rule of Civil Procedure 12(b)(6). However, the District

---

[2] We have jurisdiction under 28 U.S.C. § 1291.

Court was presented with and considered evidence outside of the pleadings. We are constrained, therefore, to treat the decision as the grant of summary judgment under Rule 56, see Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 284 (3d Cir. 1991), and we exercise de novo review. See Wastak v. Lehigh Valley Health Network, 342 F.3d 281, 285 (3d Cir. 2003).

The right to access the courts, which although not clearly found within any single constitutional provision, is nonetheless well-established. See Bounds v. Smith, 430 U.S. 817, 824-25 (1977); Gibson v. Superintendent of N.J. Dep't Law and Pub. Safety Div. of State Police, 411 F.3d 427, 442 (3d Cir. 2005). Although Bivens and 42 U.S.C. § 1983 do not require any particular state of mind "'requirement independent of that necessary to state a violation of the underlying constitutional right,' . . . not all acts are unconstitutional simply because of the result." See Gibson, 411 F.3d at 445 (quoting Daniels v. Williams, 474 U.S. 327, 330 (1986)). The Supreme Court in Daniels was called to consider whether a negligent due process deprivation could constitute a constitutional violation. The Court concluded that the Fourteenth Amendment was not designed to supplant traditional tort law and, thus, does not encompass protection from negligent governmental acts. Daniels, 474 U.S. at 332-33.

In Gibson, we extended Daniels to a case where a complainant alleged that New Jersey police officials denied his access to the courts by failing to disclose relevant racial profiling information that could have led to an early release from custody. Id. at 444. Specifically, we held that an official may be liable only if she "wrongfully and

4

intentionally" conceals information.  Id.  Other courts to consider similar issues have agreed with this position.  See Pink v. Lester, 52 F.3d 73, 74 (4th Cir. 1995); Kincaid v. Vail, 969 F.2d 594, 601-03 (7th Cir. 1992).

The distinctions between the conduct at issue in Gibson and that at issue here is of little constitutional significance.  Both suits challenge prior instances of negligent official conduct that had the unfortunate result of obstructing or eliminating the ability to bring a claim, suit, or appeal.  Even if the right to access the courts were exclusively founded on First Amendment (as we note above, it is not) the rationale employed in Daniels applies with equal force.  See Pink, 52 F.3d at 76 (citing McDonald v. Smith, 472 U.S. 479, 482-83 (1985)) (explaining that to permit recovery for negligent acts would greatly expand the scope of the First and Fourteenth Amendments).

Johnson has failed to show that Bingaman intentionally or deliberately prevented his mail from being accurately dated.  Accordingly, we will affirm the order of the District Court.  Appellant's motion to strike the Appellees' brief is denied.  See Fed. R. App. P. 31©.