**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3803
_____

JOSEPH CLIFFORD MALCOMB,
                                        Appellant

v.

BEAVER COUNTY PENNSYLVANIA (PROTHONOTARY);
PA DEPT. OF CORRECTIONS, (Central Office);
PENNSYLVANIA BOARD OF PROBATION & PAROLE;
ATTORNEY GENERAL PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-13-cv-01772)
Magistrate Judge:  Honorable Cynthia R. Eddy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 11, 2015
Before:  FISHER, KRAUSE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 16, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Joseph Clifford Malcomb appeals two orders dismissing his civil rights lawsuit. We will affirm.

Malcomb, while an inmate at SCI Benner[1], filed suit under 42 U.S.C. § 1983, alleging that prison officials refused to release him for several years after he completed his twenty-year prison sentence. Malcomb named as defendants the Beavery County Prothonotary, the Pennsylvania Department of Corrections, the Pennsylvania Board of Probation and Parole, and the Attorney General of Pennsylvania.[2]

The Department of Corrections, the Board of Probation and Parole, and the Attorney General's Office moved to dismiss the complaint, asserting that each defendant was entitled to sovereign immunity under the Eleventh Amendment. The District Court agreed and granted the motion. The Beaver County Prothonotary separately moved to dismiss. The District Court granted the motion, finding that the Prothonotary was immune from suit under the doctrine of quasi-judicial immunity and, further, that the complaint failed to state a claim against the Prothonotary in her individual capacity.

Malcomb timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's orders. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm a district court for any reason supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (citation omitted).

---

[1] Malcomb has since been released.
[2] The parties consented to proceed before the Magistrate Judge.

The District Court correctly ruled that the Department of Corrections, the Board of Probation and Parole, and the Attorney General's Office are immune from suit under the Eleventh Amendment. "Since Congress expressed no intention of disturbing the states' sovereign immunity in enacting § 1983, these suits, when brought against a state, are barred by the Eleventh Amendment." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 697 (3d Cir. 1996). "[T]he Eleventh Amendment . . . has been interpreted to render states—and, by extension, state agencies and departments and officials when the state is the real party in interest—generally immune from suit by private parties in federal court." Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002). The Department of Corrections, the Board of Probation and Parole, and the Attorney General's Office are immune from Malcomb's § 1983 claims under the Eleventh Amendment. Therefore, the District Court correctly granted those defendants' motion to dismiss.

Moreover, as the District Court ruled, court Prothonotaries performing ministerial duties mandated by statute are entitled to quasi-judicial immunity because their "judgments are 'functional[ly] comparab[le]' to those of judges—that is, because they, too, 'exercise a discretionary judgment' as a part of their function." Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436 (1993) (citations omitted). Malcomb did not allege that the Prothonotary acted beyond her discretion, outside the scope of her duties, or contrary to her direction as a judicial officer. See Gallas v. Supreme Court of Pa., 211

3

F.3d 760, 772-73 (3d Cir. 2000); <u>Kincaid v. Vail</u>, 969 F.2d 594, 601 (7th Cir. 1992);

<u>Lockhart v. Hoenstine</u>, 411 F.2d 455, 460 (3d Cir. 1969). Accordingly, the Prothonotary

is immune from Malcomb's claims, and the District Court properly granted her motion to

dismiss.

Moreover, to the extent that Malcomb sued any defendants in their individual

capacities, he failed to state a claim as he did not allege that any defendant was

personally involved in violating his civil rights. <u>See</u> <u>Polk County v. Dodson</u>, 454 U.S.

312, 325 (1981) (holding that liability in a § 1983 action must be predicated on personal

involvement, not on the basis of respondeat superior).

Thus, we will affirm the judgment of the District Court.[3]

---

[3] It becomes clear in Malcomb's brief that he is challenging the way in which his prison sentence was extended by a parole violation. To the extent that his complaint amounted to a challenge to his prison sentence, we agree with the Beaver County Prothonotary that it is barred under <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994).