**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2016[*]
Decided February 25, 2016

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-3520

| | |
|---|---|
| VANDAIRE KNOX, <br>     *Plaintiff-Appellant*, | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 3:14-cv-0193-MJR-SCW |
| ROBERT SHEARING, *et al.*, <br>     *Defendants-Appellees*. | Michael J. Reagan, <br> *Chief Judge*. |

**O R D E R**

VanDaire Knox, an Illinois prisoner at Menard Correctional Center, sued several officials and medical professionals at the prison under 42 U.S.C. § 1983 alleging that they ignored his long-standing knee pain. Knox filed a motion for a preliminary injunction asking the district court to order the defendants to prescribe an opioid pain medication for him. The court denied the motion. Knox has appealed that ruling, as permitted by 28 U.S.C. § 1292(a)(1). For the following reasons, we affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

## I. Background

We take the following account of the facts from Knox's allegations and the medical records submitted at the preliminary-injunction stage, recognizing that further discovery and fact-finding may yield a different view.

Knox has complained often to prison medical staff about pain in his left knee. His treatment, however, has been largely ineffective. He first complained of knee pain in March 2012. A nurse practitioner noted that he had a "limping gait" and prescribed Mobic, a nonsteroidal anti-inflammatory. Two months later Knox told Dr. Samuel Nwaobasi that Mobic was unhelpful, so the doctor prescribed Tylenol three times a day for a month and advised Knox to keep his knee elevated. Knox complained to a nurse the following month that Tylenol was ineffective, and he received Motrin instead. When he saw Dr. Nwaobasi a week later, the doctor noted that neither Tylenol nor Motrin alleviated Knox's knee pain and prescribed tramadol, an opioid pain medication, twice a day for a month.

The tramadol prescription ran out sometime in the fall of 2012, and Knox's knee pain returned. In September he saw Rashida Pollion, a nurse practitioner, and told her about his severe knee pain. She observed swelling and a limited range of motion in his left knee. Knox told her that most of the past pain treatment had not provided much relief. She reinstated tramadol twice a day for two months and specified that a doctor should examine him. Knox saw Dr. Nwaobasi again in December. The doctor noted that Knox's left knee was larger than his right, but he saw no evidence of joint effusion (swelling in a joint caused by excess fluid). He ordered an x-ray, which revealed some swelling and calcification. Dr. Nwaobasi prescribed two drugs: Motrin for three months and Robaxin (a muscle relaxant) for one month.

Throughout the next year, Knox's knee pain remained unrelieved. He saw Nurse Pollion in January 2013; she gave him a large knee sleeve and referred him again to a doctor. The doctor saw no evidence of a ligament injury in his knee, but noted that the nonsteroidal, anti-inflammatory drugs that Knox was taking were not relieving his pain. Pollion examined Knox twice more that year. In April she noted his continued left knee pain and that his pain medications were ineffective. She referred him to a doctor, who also noted Knox's knee pain, but thought the knee was otherwise normal. In September Pollion saw Knox again and noted that he was using the knee sleeve but still had pain.

Through 2014 Knox's knee pain persisted, but the medical staff ordered treatment they knew was ineffective. In February Nurse Pollion prescribed Motrin at one-third the

previous strength, even though Knox's records showed that the higher strength had been ineffective. She also gave him a knee brace, but another nurse told him that the brace was too small for his swollen knee, and no proper braces were available. In April Knox saw a prison doctor who prescribed a three-month course of Mobic, also previously recorded to be ineffective, and a proper-fitting brace, which the doctor knew was not available.

By affidavit Knox recited the current status of his knee pain. He averred that he still has "severe pain" from swelling in his left knee, cannot kneel, has trouble sleeping, can stand or walk only with "great difficulty," and has recently developed pain in his right knee because he walks with a limp. He emphasized that tramadol was the only drug that had alleviated his pain and he is not receiving it.

The district judge screened Knox's complaint and permitted the action to proceed against some of the defendants. *See* 28 U.S.C. § 1915A. The judge then turned to Knox's motion for a preliminary injunction, which sought two orders. First, Knox asked the court to order the defendants to give him tramadol, the opioid pain medication that they had previously prescribed for his knee pain. Second, he wanted prison officials barred from opening his legal mail outside his presence. (He also asked that his legal mail be specially marked so that it would be processed more quickly.)

The judge denied the motion for a preliminary injunction, noting that prisoners have no right to specific treatments. The judge also rejected Knox's request for an order requiring that his legal mail be opened only in his presence. This appeal followed. *See* § 1292(a)(1).

## II. Discussion

To obtain a preliminary injunction, the moving party must show that (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015); *Turnell v. Centimark Corp.*, 796 F.3d 656, 661–62 (7th Cir. 2015). If the moving party makes this showing, the court then "weighs the competing harms to the parties if an injunction is granted or denied," "considers the public interest," and employs a "sliding-scale analysis" ("the greater the likelihood of success on the merits, the less heavily the balance of harms must tip in the moving party's favor"). *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). A preliminary injunction ordering the defendant to take an affirmative act rather than merely refrain

from specific conduct is "cautiously viewed and sparingly issued." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1993) (quotation marks and citation omitted).

Assuming for the sake of argument that Knox met the threshold requirements, the judge was well within his discretion to deny the motion. Ordering a specific drug for a prison inmate is an exercise of medical judgment and requires proof that prison officials have "refus[ed] to provide [the] inmate with prescribed medication or to follow the advice of a specialist." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011). Knox has not presented evidence from any medical professional that he should be prescribed tramadol. Although he received it briefly in 2012 and believes it will help him if given again, the Eighth Amendment does not entitle inmates to demand specific care, *id.* at 754, nor does it authorize courts to decide questions of medical care on the basis of lay opinion, *see Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). Moreover, ordering prison officials to provide an inmate with an opioid medication is a substantial interference with prison administration. Prisons have strong incentives to limit the provision of controlled substances to inmates for medical care; these drugs carry a high risk of being abused or distributed to others.

Knox replies that his request for a preliminary injunction was not a request for tramadol only. He tells us he has not received pain medication since he asked for the injunction, and he wanted the court to order the defendants to give him "any kind" of medication for his knee pain. In the district court, however, Knox focused exclusively on tramadol.

Regarding the claim about legal mail, Knox makes only one argument: He notes that he did not receive a copy of the defendants' response to his motion until after the district court had already denied it. He contends that the delay occurred because the response was not marked "legal mail." But Knox has raised in this court all the arguments that he wanted to raise in reply to the defendants' response, and we have considered and rejected them. So Knox was not prejudiced by the delay. *Cf. Outlaw v. Newkirk*, 259 F.3d 833, 841–42 (7th Cir. 2001) (where pro se plaintiff shows no prejudice from failure of movant for summary judgment to provide required information to plaintiff, remand is inappropriate); *Kincaid v. Vail*, 969 F.2d 594, 599–600 (7th Cir. 1992) (same).

We have considered Knox's other arguments; none has merit.

AFFIRMED.