92 F.3d 1187
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John L. GREGORY, Plaintiff-Appellant,
v.
Rick SHANNON & Kelly Combs, Defendants-Appellees.
 No. 95-2905.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 19, 1996.*
Decided July 22, 1996.
 
 Before POSNER, Chief Judge, and ROVNER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 John L. Gregory, a state prisoner acting pro se, sued Rick Shannon, his cell-house counselor, and Kelly Combs, the custodian of the law library at the Indiana Reformatory, for violating his right of access to the courts. 42 U.S.C. § 1983. The district court granted summary judgment to defendants, ruling that Gregory could not show that defendants deliberated acted to deny him his rights. The court also denied Gregory's motion for relief from judgment under Fed.R.Civ.P. 59(e). We affirm.
 
 
 2
 The copying machine in the prison library was broken. Combs issued an order that until the machine was fixed, prisoners should give documents to their counselors, and have them copy the documents. Combs usually issued such orders when the copying machine broke down, as it frequently did. Gregory had a number of personal and legal documents[1] which he needed to have copied. He planned to use the documents in an Indiana case, in an appeal to a California state court, and in a petition for a writ of habeas corpus claiming ineffective assistance of counsel. Gregory gave the documents to Shannon. Instead of copying the documents, Shannon placed them in the library's mailbox. The personal documents were returned to Gregory; the legal documents were never seen again.
 
 
 3
 Assuming arguendo that Gregory has been denied meaningful access to the courts,[2] see Ex parte Hull, 312 U.S. 546 (1941) (prison officials may not impair an inmate's right to file papers with the courts), Gregory must still show that defendants acted deliberately, rather than just negligently, in losing his documents. Kincaid v. Vail, 969 F.2d 594, 602 (7th Cir.1992), cert. denied, 506 U.S. 1062 (1993). The record contains no evidence that Combs ever saw, let alone possessed, the documents in question before they were lost. And the mere fact that he supervised the facility where prisoners had their documents copied is insufficient to support personal liability. Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir.1994), cert. denied, 115 S.Ct. 937 (1995). Moreover, the record suggests that Shannon at most acted negligently in failing personally to copy the documents and return them to Gregory. Negligence, as Gregory concedes, does not support a claim under § 1983. Kincaid, 969 F.2d at 602 n. 10.
 
 
 4
 Gregory argues that if he were granted discovery, and if defendants answered truthfully the interrogatories he intended to pose, their answers would show that they intentionally got rid of the documents. Mere speculation regarding an element on which Gregory would bear the burden of proof at trial is insufficient to demonstrate affirmatively the existence of a material issue of disputed fact. Smith v. Shawnee Library Sys., 60 F.3d 317, 320 (7th Cir.1995); Holland v. Jefferson Nat'l Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir.1989). Consequently, because Gregory cannot show that defendants acted with the requisite intent, the district court correctly granted summary judgment to Combs and Shannon. And because Gregory presented no new evidence when he asked the district court to reconsider its decision, the court did not abuse its discretion in denying the motion. Matter of Prince, 85 F.3d 314, 324 (7th Cir.1996).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The documents, some of which Gregory obtained by hiring a private investigator, included payment receipts and letters from a now-disbarred former attorney; affidavits from various witnesses (apparently prisoners) based in both Texas and Indiana; Texas arrest information; and California post-conviction records. Gregory concedes that it might be possible to reproduce the records, but argues that some of the witnesses have relocated, the disbarred attorney also cannot be located, and he no longer has the funds to re-hire an investigator
 
 
 [2]
 To show actual injury, Gregory must prove that loss of the documents kept him from filing a non-frivolous claim involving a direct or collateral attack on his sentence, or the conditions of his confinement. Lewis v. Casey, No. 94-1511, 1996 WL 340797, * 5-* 6 (U.S. June 24, 1996). The district court did not directly address the actual injury requirement, and the parties apparently agree that disputed issues of material fact remain regarding this element of the claim