GLD-093                                               **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 11-3915

_____

STEVEN ADDLESPURGER,

                                  Appellant

v.

TOM CORBETT, Pennsylvania State Attorney General
in his official and individual capacities; STEPHEN
ZAPPALLA, Allegheny County District Attorney
in his official and individual capacities; DONNA JO
MCDANIELS, President Judge Allegheny County Fifth
Judicial District in her professional and individual
capacities; RAYMOND BILLOTTE, Administration
of Pennsylvania Courts Fifth Judicial District in his
official and individual capacities; KIM BERKELEY
CLARK, Administrative Judge in her professional and
individual capacities; PATRICK QUINN, Domestic
Relations Services in his official and individual
capacities; DAVID WECHT, Judge in his official and
individual capacities; WILLIAM MULLEN, Sheriff in
his official and individual capacities; DAN ONORATO,
Chief Executive of Allegheny County and in his official
and individual capacities; RAMON RUSTIN, Jail
Warden in his official and individual capacities;
DANIEL RICHARDS, Department of Public Welfare
in his official and individual capacities; MICHAEL H.
WOJCIK, County solicitors in his official and individual
capacities; KATE BARKMAN, Department of Court
records in her professional and individual capacities

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 2-09-cv-01064)
District Judge: David Stewart Cercone

_____

Submitted on Motions for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 20, 2012

Before: FUENTES, GREENAWAY, JR., and STAPLETON, Circuit Judges

(Opinion filed: February 9, 2012)

———————

OPINION

———————

PER CURIAM

Appellant Steven Addlespurger filed a pro se complaint in the United States

District Court for the Western District of Pennsylvania, seeking injunctive relief against

the Family Division of the Allegheny County Court of Common Pleas. Addlespurger,

who was a defendant in a support action filed by his wife, Julie Addlespurger, sought to

enjoin an upcoming contempt proceeding, and complained that he had been subjected to

numerous contempt orders, and had been incarcerated in the Allegheny County Jail. He

contended that the prior contempt orders were entered in violation of his due process

rights, and he sought an order enjoining the Family Division from holding the upcoming

contempt proceeding, and an order staying further proceedings in the Family Division.

Addlespurger consented to proceedings before a Magistrate Judge, 28 U.S.C. §

636(c)(1), who viewed the complaint as a petition for writ of habeas corpus, 28 U.S.C. §

2254, and transferred it here for consideration of whether to grant leave to file a

successive petition. (Addlespurger had filed a prior habeas corpus petition, challenging

the Family Division's contempt orders for non-payment of child support.) Upon its

2

transfer here, we concluded that Addlespurger's pro se complaint should have been viewed as a civil rights action under 42 U.S.C. § 1983 for injunctive relief based on alleged due process violations in the Family Division proceedings. Accordingly, we transferred the matter back to the district court for further proceedings.

On remand, the case was reassigned to a district judge, and Addlespurger then filed an amended complaint, alleging, in a rambling, unclear, and disorganized fashion, that 13 defendants violated his constitutional rights, essentially by prosecuting and imprisoning him pursuant to child support and contempt orders. The complaint contained allegations of fraud, forgery, harassment, and conspiracy. Addlespurger sought money damages, and named as defendants former Attorney General Tom Corbett and Daniel Richards of the Pennsylvania Department of Public Welfare's Bureau of Child Support Enforcement (the "State defendants"); several Family Division judges and administrators, including President Judge Donna Jo McDaniels, Administrative Judge Kim Berkeley Clark, Judge David Wecht, Court Administrator Raymond Billotte, and Family Division Administrator Patrick Quinn (the "judicial defendants"); Allegheny County Executive Dan Onorato, District Attorney Steven Zappala, Court Records Director Kate Barkman, Warden Ramon Rustin, and Solicitor Michael Wojcik (the "County defendants"); and Sheriff William Mullen.

The defendants moved in their respective groups to dismiss the amended complaint, Fed. R. Civ. Pro. 12(b)(6); each group and Sheriff Mullen raised numerous bases for dismissing the amended complaint. In an order entered on August 1, 2011, the District Court granted the motions and dismissed the amended complaint. The court

3

painstakingly worked through the counts in the complaint, and determined that there was no basis for the action to proceed. In an order entered on September 20, 2011, the District Court denied a timely filed motion for reconsideration. Addlespurger appeals. We have jurisdiction under 28 U.S.C. § 1291. The majority of the appellees have moved in their respective groups for summary affirmance of the District Court's orders dismissing the amended complaint and motion for reconsideration. Addlespurger has submitted a response in opposition to summary action, which we have considered.

We will summarily affirm. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. We exercise plenary review over a Rule 12(b)(6) dismissal, see Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001), and we "are free" to affirm the judgment "on any basis which finds support in the record," see Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir. 1980). A motion to dismiss should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

As explained by the District Court, Addlespurger's claims in the main flow from defendant Judge David Wecht's having issued orders with the intent of carrying out Pennsylvania's child support laws. Judges are absolutely immunized from a civil rights suit for money damages arising from their judicial acts. Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). The order of a

4

judge entered against Addlespurger in the Family Division proceedings may not serve as a basis for a civil action for damages. See id. In addition, the defendant court administrators are similarly absolutely immunized from a suit for damages under the doctrine of quasi-judicial immunity, because their activities were an integral part of the judicial process. A court administrator or deputy administrator, who is charged with the duty of carrying out facially valid court orders, enjoys quasi-judicial immunity from liability for damages in a suit challenging conduct prescribed by that order. See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772-73 (3d Cir. 2000). See also Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992); Valdez v. City and County of Denver, 878 F.2d 1285, 1288-90 (10th Cir. 1989). Sheriff Mullin's involvement in the alleged civil rights violations was based on the actions of his deputies, who jailed Addlespurger pursuant to Judge Wecht's orders. He too is entitled to quasi-judicial immunity under these circumstances. Accordingly, dismissal of the amended complaint against Judges Wecht and Clark, Deputy Administrator Quinn, and Sheriff Mullins was proper.[1]

The action against President Judge McDaniels and Court Administrator Billotte was properly dismissed because a civil rights claim cannot proceed exclusively on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.

---

[1] There appears to be a claim of "extortion" against defendant Quinn with respect to the precise calculation of the monthly child support payments under Pennsylvania Rule of Civil Procedure 1910.16-1, see Amended Complaint, at ¶¶ 10-12, 20-21, but, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States, West v. Atkins, 487 U.S. 42, 48 (1988). An allegation of a violation of the state child support rules will not suffice and thus this claim properly was dismissed. The claim against State defendant Daniel Richards in his individual capacity (he was alleged to have collaborated with defendant Quinn) fails for the same reason.

5

1988).  Liability under section 1983 cannot be imposed absent personal involvement in the alleged actions, see Rizzo v. Goode, 423 U.S. 362, 375-77 (1976); Chincello v. Fenton, 805 F.2d 126, 133-34 (3d Cir. 1986).  As to the County defendants, Addlespurger's claims are especially unclear, but, again, there do not appear to be any allegations of personal involvement in the purported violation of his rights, and liability cannot proceed on a theory of respondeat superior, see id.  Accordingly, the amended complaint was properly dismissed as to the County defendants as well.  Addlespurger's motion for reconsideration did not cure these deficiencies.

As to the State defendants, to the extent they were sued in their official capacity, the claims are barred by the Eleventh Amendment.  Any official capacity claim fails because the Pennsylvania Office of the Attorney General and Pennsylvania Department of Public Welfare share in the immunity conferred to the States by the Eleventh Amendment.  See Hafer v. Melo, 502 U.S. 21, 25-27 (1991); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  The claims against former Attorney General Corbett in his individual capacity fail because Addlespurger failed to allege any personal involvement in the purported violation of his rights, Rizzo, 423 U.S. at 375-77; Chincello, 805 F.2d at 133-34.

Last, Addlespurger alleged that he was routinely subjected to strip searches, upon being jailed for contempt, pursuant to a policy established by County defendant Warden Rustin.  See Amended Complaint, at ¶ 65.  These searches, he alleged, violate the Fourth Amendment.  The District Court properly held that this claim was foreclosed by our decision in Florence v. Bd. of Chosen Freeholders, 621 F.3d 296, 311 (3d Cir. 2010),

6

petition for cert. granted, 131 S. Ct. 1816 (2011), in view of the fact that Addlespurger does not allege that any of the searches were conducted in an unreasonable manner. In addition, the allegations of a conspiracy among the defendants to violate Addlespurger's civil rights does not survive Rule 12(b)(6). "Factual allegations must be enough to raise a right to relief above the speculative level...." Twombly, 550 U.S. at 555. Furthermore, there is no private cause of action for a violation of the federal mail and wire fraud statutes, and we agree with the District Court's disposition of Addlespurger's excessive force and intentional infliction of emotional distress claims.

For the foregoing reasons, we will grant the appellees' motions, and summarily affirm the orders of the District Court dismissing the amended complaint and denying the motion for reconsideration.[2]

---

[2] We do so without regard to whether the appellees specifically moved for summary affirmance.